IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT HAVRILLA, | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | **2:22-cv-998** |
| | ) | |
| v. | ) | |
| | ) | |
| GRANT FAULKNER, | ) | |
| JEROME KENNEDY and | ) | |
| ASHLEY SMITH, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, ROBERT HAVRILLA, by and through his attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action for the redress of grievances and in vindication of civil rights guaranteed to the Plaintiff under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2. This action is brought against Defendant Grant Faulkner for violating Plaintiff's rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

3. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3). Supplemental jurisdiction over Plaintiff's state law claims against Defendants Jerome Kennedy and Ashley Smith is also proper pursuant to 28 U.S.C.A. § 1367.

4. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania.

## PARTIES

5. Plaintiff, Robert Havrilla, is an adult male individual residing in Allegheny County, Pennsylvania.

6. Defendant, Grant Faulkner ("Faulkner"), is a United States Citizen. Plaintiff believes, and therefore avers, that Defendant is a resident of Allegheny County, Pennsylvania. At all times relevant to this Complaint, Defendant was a law enforcement officer employed by the City of Pittsburgh Bureau of Police at its Zone 1 Police Station, located at 1501 Brighton Road, Pittsburgh, Pennsylvania 15212, purporting to act within the full scope of his authority and office, and under color of law and pursuant to the statutes, ordinances, regulations, and customs and usages of the City of Pittsburgh Bureau of Police.

7. Defendant, Jerome Kennedy ("Kennedy"), is an adult male individual residing in Allegheny County, Pennsylvania.

8. Defendant, Ashley Smith ("Smith"), is an adult female individual residing in Allegheny County, Pennsylvania.

## FACTUAL ALLEGATIONS

9. Plaintiff owns the property located at 522 N. Taylor Avenue, Pittsburgh, Pennsylvania 15212. Plaintiff does not use the property as his primary residence and is currently renovating the property.

10. Defendant Kennedy and Defendant Smith reside in the property next to the Plaintiff's property, at 524 N. Taylor Avenue, Pittsburgh, Pennsylvania 15212.

11. The properties located at 522 and 524 N. Taylor Avenue share an attic with a solid wall forming the property line between the properties.

12.     Defendant Kennedy and Defendant Smith have had several disputes with the Plaintiff since in or about 2012, when Defendant Kennedy and Defendant Smith moved into their property.

13.     The disputes between the Plaintiff, Defendant Kennedy and Defendant Smith have involved police interaction.

14.     On or about September 1, 2020, Defendant Kennedy and Defendant Smith reported an alleged burglary.  Thereafter, Defendant Faulkner and another officer, FNU Weaver ("Weaver"), took Defendant Kennedy and Defendant Smith's statements at their residence.

15.     At that time, Defendant Kennedy and Defendant Smith alleged that Defendant Smith had heard noises in the attic earlier the previous day.  Defendant Kennedy and Defendant Smith told Defendant Faulkner that they believed the noises were the Plaintiff trespassing on their side of the attic.

16.     That allegation was, and is, materially false.

17.     Plaintiff did not enter onto Defendant Kennedy and Defendant Smith's property at that time.

18.     Plaintiff did not have access to Defendant Kennedy and Defendant Smith's attic at that time because of the wall between the properties.  All access points between the properties in the attic were sealed.

19.     Additionally, Defendant Kennedy and Defendant Smith alleged that the Plaintiff made scraping noises against the wall at night in an attempt to harass Defendant Kennedy and Defendant Smith.

20.     That allegation was, and is, materially false.

21. Plaintiff believes, and therefore avers, that Defendant Kennedy and Defendant Smith made these false allegations to Defendant Faulkner and Officer Weaver in order to inflict emotional distress upon the Plaintiff and to induce Defendant Faulkner and/or Officer Weaver to charge the Plaintiff with crimes that he did not commit.

22. On or about September 1, 2020, Plaintiff walked from his primary residence to his property at 522 North Taylor Avenue.

23. At that time, Defendant Smith and Defendant Kennedy threateningly pursued the Plaintiff as he walked toward his property.

24. Defendant Smith screamed several obscenities at the Plaintiff and Defendant Kennedy wielded a baseball bat.

25. As a direct and proximate result of Defendant Smith and Defendant Kennedy's actions, Plaintiff feared imminent bodily harm.

26. Plaintiff believes, and therefore avers, that Defendant Kennedy and Defendant Smith's actions, as more fully described hereinbefore above, were done in order to inflict emotional distress upon the Plaintiff.

27. On or about September 4, 2020, Defendant Kennedy contacted Pittsburgh Bureau of Police, Zone 1, to report an alleged argument between the Plaintiff and Defendant Smith.

28. At that time, Defendant Kennedy falsely alleged that the Plaintiff yelled obscenities at Defendant Smith.

29. That allegation was, and is, materially false.

30. Defendant Kennedy also falsely alleged that the Plaintiff trespassed on his and Defendant Smith's property, via the attic, into their second floor living room.

31. No proof of that false allegation was ever offered by either Defendant Kennedy or Defendant Smith.

32. Defendant Kennedy further alleged that the Plaintiff continued to make scratching noises on the walls at night.

33. That allegation was, and is, materially false.

34. Plaintiff believes, and therefore avers, that Defendant Kennedy made these false allegations, as described hereinbefore above, in order to inflict emotional distress upon the Plaintiff and to induce Defendant Faulkner and/or Officer Weaver to charge the Plaintiff with crimes that he did not commit.

35. On or about September 21, 2020, Defendant Faulkner charged the Plaintiff with two (2) misdemeanor counts of stalking and two (2) misdemeanor counts of harassment.

36. Defendant Faulkner lacked probable cause to charge the Plaintiff with the aforementioned criminal offenses.

37. Defendant Faulkner knew, or should have known, through the use of reasonable caution, that Defendant Kennedy and Defendant Smith's allegations, as described more fully hereinbefore above, were false.

38. There was no evidence that the Plaintiff trespassed onto Defendant Kennedy and Defendant Smith's property, nor was there any way for the Plaintiff to enter the property through the attic at that time.

39. Defendant Faulkner did not investigate the attic and/or failed to include in his affidavit of probable cause that there was a barrier in the attic dividing the properties and no access point to Defendant Kennedy and Defendant Smith's property from Plaintiff's side of the attic.

40. Defendant Faulkner did not ask for a statement from the Plaintiff prior to charging him with the aforementioned crimes.

41. Furthermore, Plaintiff believes, and therefore avers, that Defendant Faulkner had actual knowledge, through Officer Weaver, of Defendant Kennedy and Defendant Smith's ongoing false accusations about the Plaintiff at the time that he charged the Plaintiff.

42. Prior to September of 2020, Officer Weaver responded to a call regarding a dispute between the Plaintiff and Defendant Kennedy at their properties. At that time, Officer Weaver stated to the Plaintiff "I don't know how you deal with these people," referring to Defendant Kennedy and/or Defendant Smith.

43. Plaintiff believes, and therefore avers, that Officer Weaver's statement referenced Defendant Kennedy and/or Defendant Smith's prior and ongoing false accusations against the Plaintiff.

44. Plaintiff believes, and therefore avers, that Officer Weaver shared his actual knowledge of Defendant Kennedy and Defendant Smith's ongoing false accusations about the Plaintiff with Defendant Faulkner prior to Defendant Faulkner charging the Plaintiff.

45. Plaintiff was detained at Allegheny County Jail for approximately six (6) weeks as a direct result of the aforementioned criminal charges by Defendant Faulkner. Thereafter, Plaintiff was then subjected to home confinement for an additional two (2) weeks.

46. The aforementioned criminal charges against the Plaintiff were dismissed on or about November 16, 2020.

47. On or about May 14, 2021, Defendant Faulkner refiled the aforementioned criminal charges against the Plaintiff, without probable cause.

48. Plaintiff was then detained at Allegheny County Jail for approximately (1) week.

49. On or about May 27, 2021, at the Plaintiff's preliminary hearing, all the above-described charges against the Plaintiff were withdrawn by Defendant Faulkner.

50. At that time, Defendant Faulkner stated that Defendant Kennedy and Defendant Smith were dishonest.

51. Plaintiff experienced damages as a result of Defendant Kennedy and Defendant Smith's conduct, including, but not limited to, fear, distraction, lack of focus, depression, increased anxiety, debilitating feelings of helplessness and loss of sleep.

## COUNT I:

## PLAINTIFF v. DEFENDANT FAULKNER

## VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

## MALICIOUS PROSECUTION

52. Plaintiff incorporates by reference Paragraphs 1 through 51 as though fully set forth at length herein.

53. Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendant Faulkner for violations of Plaintiff's constitutional rights under color of law.

54. At all times relevant hereto, pursuant to 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution, Plaintiff had the right to be free from prosecution without probable cause.

55. Defendant Faulkner intentionally charged Plaintiff without probable cause and initiated the unjustified prosecution of the Plaintiff.

56. As a result of those charges, Plaintiff was detained for approximately two (2) months.

57. Defendant Faulkner knew, or should have known, through the exercise of reasonable caution, that no reasonable basis existed for the aforementioned criminal charges to be brought against Plaintiff.

58. Defendant Faulkner knew, or should have known, that no probable cause existed for prosecution of the Plaintiff.

59. Charging the Plaintiff without probable cause constitutes malice on the part of Defendant Faulkner.

60. The arrest, seizure and subsequent prosecution of the Plaintiff constituted a malicious prosecution by Defendant in violation of Plaintiff's rights under 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution.

61. The actions of Defendant Faulkner constituted malicious prosecution in that:

    a. Defendant Faulkner initiated criminal proceedings against Plaintiff;

    b. the criminal proceedings ended in the Plaintiff's favor;

    c. the arrest, detention and prosecution of the Plaintiff were initiated without probable cause

    d. Defendant Faulkner acted maliciously and/or for purposes other than bringing the Plaintiff to justice; and

    e. Plaintiff suffered an unlawful detention in violation of Plaintiff's rights under 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.

62. The actions of Defendant Faulkner were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting Defendant to punitive damages.

63. As a direct and proximate result of the acts described hereinbefore above perpetrated by Defendant Faulkner, Plaintiff suffered the following injuries and damages:

    a.     Plaintiff's rights under the Fourth Amendment to the United States constitution were violated;

    b.     irreputable damage to Plaintiff's reputation;

    c.     fright, horror, and shock;

    d.     emotional trauma and suffering; and

    e.     economic damages related to any other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant Faulkner, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF v. DEFENDANT FAULKNER

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

<u>FALSE ARREST</u>

64. Plaintiff incorporates by reference Paragraphs 1 through 63 as though fully set forth at length herein.

65. Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendant Faulkner for violations of Plaintiff's constitutional rights under color of law.

66. At all times relevant hereto, pursuant to 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution, Plaintiff had the right to be free from unreasonable arrest without probable cause.

67. The unreasonable false arrest constituted an unreasonable deprivation of the Plaintiff's liberty in violation of the Fourth Amendment to the United States Constitution, and at all times was done without probable cause to believe the Plaintiff had committed an act which would justify his arrest.

68. As more fully described hereinbefore above, Plaintiff was detained for approximately two (2) months.

69. The actions of Defendant Faulkner were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting Defendant to punitive damages.

70. Defendant Faulkner charged the Plaintiff without the requisite probable cause to do so.

71. The conduct of Defendant Faulkner deprived the Plaintiff of his right to be free from unreasonable and unlawful arrest.

72. Pursuant to 42 US.C. § 1983 and the Fourth Amendment to the United States Constitution, Defendant Faulkner had a duty and/or was required to avoid the use of unlawful arrest against the Plaintiff without probable cause.

73. As a direct and proximate result of the acts described hereinbefore above perpetrated by Defendant Faulkner, Plaintiff suffered the following injuries and damages:

   a. Plaintiff's rights under the Fourth Amendment to the United States constitution were violated;

   b. irreputable damage to Plaintiff's reputation;

   c. fright, horror, and shock;

   d. emotional trauma and suffering; and

    e.    economic damages related to any other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant Faulkner, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF v. DEFENDANT FAULKNER

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,<br>SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTH AMENDMENT<br>TO THE UNITED STATES CONSTITUTION

<u>FALSE IMPRISONMENT</u>

74. Plaintiff incorporates by reference Paragraphs 1 through 73 as though fully set forth at length herein.

75. The subsequent detention of Plaintiff pursuant to his false arrest, as more fully described hereinbefore above, constituted false imprisonment of the Plaintiff and violated the Plaintiff's right as guaranteed to him by the Fourth Amendment to the United States Constitution.

76. The actions of Defendant Faulkner were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting Defendant Faulkner to punitive damages.

77. As a direct and proximate result of the acts described hereinbefore above perpetrated by Defendant Faulkner, Plaintiff suffered the following injuries and damages:

    a.    Plaintiff's rights under the Fourth Amendment to the United States constitution were violated;

      b.      irreputable damage to Plaintiff's reputation;

      c.      fright, horror, and shock;

      d.      emotional trauma and suffering; and

      e.      economic damages related to any other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant Faulkner, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT IV:

PLAINTIFF v. DEFENDANTS KENNEDY AND SMITH

VIOLATION OF PLAINTIFF'S RIGHTS UNDER
PENNSYLVANIA COMMON LAW

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

78. Plaintiff incorporates by reference Paragraphs 1 through 77 as though fully set forth at length herein.

79. As more fully described hereinbefore above, Defendants Kennedy and Smith acted in an intentional and outrageous manner by making false allegations about the Plaintiff in order to inflict emotional distress upon and harass the Plaintiff.

80. Defendants Kennedy and Smith knew, or should have known, through the use of ordinary caution, that this conduct would result in emotional distress of the Plaintiff.

81. The emotional distress of the Plaintiff, which resulted from Defendants Kennedy and Smith's conduct, was foreseeable and certain.

82. Plaintiff experienced damages as a direct and proximate result of Defendant Kennedy and Defendant Smith's conduct, including, but not limited to, distraction, lack of focus, depression, increased anxiety, debilitating feelings of helplessness and loss of sleep.

83. As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendants Kennedy and Smith, Plaintiff suffered, and continues to suffer, from the following injuries and damages:

    a. Plaintiff's rights under Pennsylvania Common Law were violated;

    b. irreputable damage to Plaintiff's reputation;

    c. fright, horror, and shock;

    d. emotional trauma and suffering; and

    e. economic damages related to any other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against Defendants Kennedy and Smith, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT V:

PLAINTIFF v. DEFENDANTS KENNEDY AND SMITH

VIOLATION OF PLAINTIFF'S RIGHTS UNDER
PENNSYLVANIA COMMON LAW

<u>ASSAULT</u>

84. Plaintiff incorporates by reference Paragraphs 1 through 83 as though fully set forth at length herein.

85. As more fully described hereinbefore above, Defendants Kennedy and Smith pursued the Plaintiff in a threatening manner.

86. Defendant Smith screamed several obscenities at the Plaintiff and Defendant Kennedy wielded a baseball bat.

87. As a direct and proximate result of Defendant Smith and Defendant Kennedy's actions, Plaintiff feared imminent bodily harm.

88. As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendants Kennedy and Smith, Plaintiff suffered, and continues to suffer, from the following injuries and damages:

   a. Plaintiff's rights under Pennsylvania Common Law were violated;

   b. fright, horror, and shock;

   c. emotional trauma and suffering; and

   d. economic damages related to any other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against Defendants Kennedy and Smith, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

                    Respectfully submitted,

                    LAW OFFICES OF JOEL SANSONE

                    s/ Joel S. Sansone
                    Joel S. Sansone, Esquire
                    PA ID No. 41008
                    Massimo A. Terzigni, Esquire
                    PA ID No. 317165
                    Elizabeth A. Tuttle, Esquire
                    PA ID No. 322888
                    *Counsel for Plaintiff*

                    Law Offices of Joel Sansone
                    Two Gateway Center, Suite 1290
                    603 Stanwix Street
                    Pittsburgh, Pennsylvania 15222
                    412.281.9194

Dated: July 7, 2022